THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCHUYLKILL ENERGY
RESOURCES, INC.,

    Plaintiff,

v.                              3:18-CV-469
                                    (JUDGE MARIANI)
BOILER TUBE OF AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION & BACKGROUND

Plaintiff, Schuylkill Energy Resources, Inc., commenced this action in the Court of Common Pleas of Schuylkill County by filing a Writ of Summons. (Doc. 1-1). On February 26, 2018, Defendants, Boiler Tube of America and Babcock Power, Inc., filed a Notice of Removal seeking to bring this matter into federal court on the basis of diversity jurisdiction. (Doc. 1). In the removal notice, Defendants assert that they "believe" that Plaintiff is bringing claims for "alleged product defect and alleged breach of warranty associated with the purchase agreement entered into between Plaintiff and Boiler Tube of America." (*Id.* at ¶ 10). In a subsequent letter to the Court, Defendants make clear that "Plaintiff has never filed a Complaint either in State Court, nor in Federal Court." (Doc. 5). Nevertheless, Defendants note that they are "aware of a dispute between the parties," and "have a good idea about what the Plaintiff's claims might be." (*Id.*).

## II. DISCUSSION

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94,130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (stating that a "court can raise *sua sponte* subject-matter jurisdiction concerns."). "[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

The statute governing the procedures for removing a civil case to federal court provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Third Circuit has made clear that a writ of summons is not an "'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This "ruling has been interpreted in this District to mean that removal is not proper until a complaint has been served on the defendants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (quotation marks omitted). As such, "the removal of a Writ of Summons alone is premature" because a Court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article

III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." *Gervel v. L & J Talent*, 805 F. Supp. 308, 309 n.4 (E.D. Pa. 1992).

Here, Defendants have sought to remove a writ of summons, not a complaint. (Doc. 1). Indeed, Defendants have made clear that Plaintiff has yet to file a complaint in either state or federal court. (Doc. 5). Without a complaint, Defendants are unable to establish that this Court has subject matter jurisdiction. *See Gervel*, 805 F. Supp. at 309 n.4. Accordingly, because Defendant's removal notice is premature, the Court will remand this matter to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F. Supp. 2d at 571 (finding remand appropriate even when "it appears likely that once complaints have been filed the state-court actions will be removable").

### III. CONCLUSION

For the reasons outlined above, this Court will remand this matter to the Court of Common Pleas of Schuylkill County. This ruling, however, will be without prejudice to Defendants' right to remove the action, if appropriate, after Plaintiff has filed a complaint in state court. A separate Order follows.

Robert D. Mariani
United States District Judge

3